EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SOM M. TIMSINA, BHAKTI R. ADHIKARI, and CENTRAL MARKET WINOOSKI, LLC<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 2:17-cv-00126<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' RESPONSES TO
## PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States of America, by its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby responds and objects to Plaintiffs' Amended First Set of Interrogatories dated August 22, 2018 ("Discovery Requests").

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

Defendant asserts the following general objections to the Discovery Requests and the following reservation of rights, which are incorporated by reference in the specific responses that follow below as though the same were set forth in full in each such response:

1.   Defendant objects to the Discovery Requests to the extent that they purport to impose any obligation that is beyond the scope of, or otherwise inconsistent with, the discovery obligations imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Orders in the above-captioned action.

2.   Defendant objects to the Discovery Requests to the extent that they seek information or material protected from disclosure by the attorney-client privilege, work product doctrine, peer-review privilege, or any other available privilege or protection, including, but not limited to, those protections

afforded by the Privacy Act, 5 U.S.C. § 552a, and all applicable regulations promulgated thereunder (including, but not limited to, the United States Department of Health and Human Services ("HHS") regulations set forth in 45 C.F.R. Part 5b).

3. Nothing in these responses and objections shall constitute an admission or concession by Defendant regarding any matter of fact or law, or a waiver by Defendant of any available right, privilege, or objection, which are hereby expressly reserved, including, but not limited to, any and all objections as to the relevance, materiality, or admissibility as evidence for any purpose in these proceedings or any other or future proceedings of any information or material produced by Defendant in response to the Discovery Requests.

4. These responses and objections are based upon the information and material currently and reasonably available to Defendant, and Defendant reserves the right to supplement and/or amend these responses and objections on the basis of additional information and material obtained through ongoing investigation and discovery in connection with this action in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state the name, title and contact information of the person who is completing the Defendants' responses to these Interrogatories.

**Response to Interrogatory No. 1**

1. Vicky T. Robinson, Chief, Retailer Management and Issuance Branch, Retailer Policy and Management Division, FNS, USDA.

2. Arif Ahmed, Program Specialist, Investigative Analysis Branch, Retailer Operations Division, FNS, USDA. (as to Interrogatory 11 *only*).

**INTERROGATORY NO. 2:** Please identify with specificity what makes each transaction pattern category listed in the Attachments to the Charging Letter likely to be trafficking.

**Response and Objections to Interrogatory No. 2:**  The United States objects to Interrogatory 2 on the ground that it misstates and mischaracterizes the Charge Letter and the Administrative Record. FNS was not required to "identify with specificity what makes each of transactions listed in the Attachments to the Charging Letter likely to be trafficking" before issuing the Charge Letter.  Rather, FNS determined that a preponderance of the evidence showed that Central Market Winooski engaged in trafficking, i.e., that it was more likely than not that trafficking occurred.  The transactions identified in the attachments to the Charge Letter supported this determination.  Once FNS issued the Charge Letter, the burden shifted to Central Market Winooski to provide a legitimate explanation for the suspicious transaction, which it failed to do.  Subject to and without waiving the foregoing objections, the United States refers Plaintiffs to the previously produced Administrative Record, from which information responsive to this Interrogatory may be determined.

**INTERROGATORY NO. 3**:  Please explain why no local comparison stores were utilized in the Case Analysis Document when at least one local Combination/Other store was present in the Plaintiff's geographic area (Napoli Dumpling House)?

**Response and Objections to Interrogatory No. 3:**  The United States objects to this request as vague and ambiguous regarding the phrase "local comparison stores" for which no definition is provided as to what Plaintiff interprets as "local comparison stores" and how it bears any relationship to the disputed issues in this case. The United States objects to this request to the extent that it is seeking personally identifiable information that is protected by the privacy rights of non-parties to this action. The United States objects to this request as overly broad in scope. *See* Fed. R. Civ. Proc. 26(b)(1).  The United States objects to this Interrogatory on the ground that it misstates and mischaracterizes the Case Analysis Document and the Administrative Record.  FNS was not required to utilize "local comparison stores" in the Case Analysis Document.  Subject to and without waiving the foregoing objections, the United States refers Plaintiffs to the previously produced Administrative Record, from which

3

information responsive to this Interrogatory may be determined. Furthermore, FNS is unaware of a SNAP retailer named "Napoli Dumpling House" or that any store by that name that is also classified as a combination grocery/other and sells 80% staple foods, which are characteristics of Central Market. However, there is a "Nepali Dumpling House" that is located 1.59 miles away, but that establishment is classified as a convenience store, not a combination grocery/other store, and sells only 45% staple items and would not be appropriate for comparison to Central Market. It should be noted that Central Market's redemption data was compared to all combination/other grocery stores in Vermont, and would therefore have been compared to the one other combination/other grocery store located within the Plaintiffs' geographic area. *See* A.R. 124-127; 509-511.

**INTERROGATORY NO. 4:** Please state what efforts have been taken by the Defendant to contact the households listed in the Charging Letter.

**Response and Objections to Interrogatory No. 4:** FNS did not contact the households listed in the Charging Letter, but relied on EBT information for the household in determining transactions by the households during the review period.

**INTERROGATORY NO. 5:** Please identify the items that each household listed in the Charge Letter purchase from Price Chopper #165, Costco, Shaw's Supermarket, and City Market as identified on A.R. 128.

**Response and Objection to Interrogatory No. 5:** Interrogatory No. 5 seeks information that is not within the possession custody or control of FNS. The SNAP EBT terminals do not maintain itemized records of purchases made by SNAP participants. Subject to and without waiving the foregoing objections, the United States has no information responsive to Interrogatory No. 5.

**INTERROGATORY NO. 6:** Please identify the average demographics for the SNAP participants of the average Combination/Other store type in the State of Vermont.

**Response and Objections to Interrogatory No. 6:** The United States objects to this request as vague

4

and ambiguous regarding the phrase "SNAP participants of the average Combination/Other store type" for which no definition is provided as to what Plaintiff interprets as "SNAP participants" and how it bears any relationship to the disputed issues in this case. The United States objects to this request to the extent that it is seeking personally identifiable information that is protected by the privacy rights of non-parties to this action. The United States objects to this request as overly broad in scope, seeks information not likely to lead to relevant, admissible evidence and seeks information that is not within the possession, custody or control of FNS. *See* Fed. R. Civ. Proc. 26(b)(1). Subject to and without waiving the foregoing objections, the United States states that FNS does not maintain data on the demographics of households receiving SNAP benefits at any store of any type in Vermont, does not maintain data on compositions of households, and therefore cannot identify the "average demographics for SNAP participants" using EBT benefits at any type of store in Vermont. Moreover, demographic information is irrelevant and not used by FNS to determine whether or not trafficking activity likely occurred at Central Market. The United States has no information responsive to Interrogatory No. 6.

**INTERROGATORY NO. 7:** Please explain why SNAP household *2268 (A.R. 128) chose to make a $148.00 SNAP transaction purchase at Napoli Dumpling House (a combination/other store) on December 3rd, 2015.

**Response to Interrogatory No. 7:** The United States has no information responsive to Interrogatory No. 7. The EBT terminal does not record explanations concerning why SNAP participants choose to make any purchases. FNS is unaware of a SNAP retailer named "Napoli Dumpling House," however, "Nepali Dumpling House," located near Central Market, is classified as a convenience store, not a combination/other store.

**INTERROGATORY NO. 8:** Please identify in detail the inventory contents and square footage of the average Combination/Other store in the State of Vermont.

**Response and Objections to Interrogatory No. 8:** The United States objects to Interrogatory No. 8 on the ground that it misstates and mischaracterizes the basis for FNS store type classifications. FNS is not required to identify what "in detail the inventory contents and square footage" of every Combination Grocery/Other in the State of Vermont. Further, FNS states that its store type classifications are not based on detailed inventory contents or store square footage. Interrogatory No. 8 is overly broad, vague, seeks information not likely to lead to relevant, admissible evidence and seeks information that is not within the possession, custody or control of FNS. The contents of any store varies widely and there is no "average" inventory that can be identified in "detail" with respect to any combination/other store in the state of Vermont. Nor is there an "average" size or square footage typical of any combination/other store in the state of Vermont. Stores are not categorized by size, but are determined based on self-reported sales volume and variety of staple food items offered for sale. Nor is "detailed" information about "average" size and contents or inventory of combination/other stores in Vermont, even if available or in the possession, custody or control of FSN, likely to demonstrate that trafficking in SNAP benefits did not occur at Central Market. Subject to and without waiving the foregoing objections, the United States has no information responsive to Interrogatory No. 8.

**INTERROGATORY NO. 9:** Please identify all records, memorandums, documents, studies, communications, or other information relied upon by the Defendant, outside of what is contained in the Administrative Record, in making its decision to disqualify the Plaintiffs' store.

**Response and Objections to Interrogatory No 9:** The United States objects to this Interrogatory on the ground that it seeks information concerning communications between the United States and its counsel related to Central Market Winooski, which is protected from disclosure by attorney-client privilege. The United States further objects to this Interrogatory on the ground that it is overbroad and non-proportional to the needs of the case because the information is not likely to lead to the

discovery of relevant, admissible evidence. Subject to and without waiving the objections, Defendant states that the following policy memos were generally relied upon when making the determination of trafficking in this case:

1. Policy Memo 96-02, Taking Administrative Action Against Violating EBT Stores Based on Transaction Data; and

2. Policy Memo 00-02, Charge Letters Issued to Violating EBT Stores Based on ALERT (Anti-Fraud Locator using EBT Retailer Transactions)/EBT (Electronic Benefit Transfer) Transaction Data, Addendum to Policy Memos 96-02 and 98-01.

**INTERROGATORY NO. 10:** Please identify what items SNAP households prefer to purchase using their monthly benefits, starting with most preferred.

**Response and Objections to Interrogatory No. 10:** Interrogatory No. 10 seeks information not likely to lead to relevant, admissible evidence because preferences of SNAP households in their use of SNAP benefits is not likely to establish that trafficking activity did not occur at Central Market. In addition, this interrogatory seeks information that is not within the possession, custody or control of FNS. Subject to and without waiving the objections, the United States has no information responsive to this request because FNS does not collect data on items that are purchased by households and therefore identification of preferences is not possible solely from data FNS maintains.

**INTERROGATORY NO. 11:** Please specify what items or inventory the Defendant is speaking of when making the following statement on A.R. 127: "Although the Central Market Winooski sells large bars of rice and variety of produce, the store still lacks on having a variety of staple food in their inventory otherwise." Specifically state what items Central Market "lacks" from their inventory.

**Response to Interrogatory No. 11:** Defendant states that the above-quoted language on A.R. 127 was a general statement of the observations of the Program Specialist, Arif Ahmed. Central Market Winooski sold bags of rice and a variety of produce but did not sell other staple food varieties, such as

fresh beef, pork, chicken, fish, and deli/lunch meat.

**INTERROGATORY NO. 12:** Please list the names, titles and contact information for any and all witnesses which the Defendant intends to call at trial in this matter, as well as a summary of the material the Defendant expects the witness to testify to.

**Response and Objections to Interrogatory No. 12:** Plaintiffs' request for a trial witness list is premature and beyond the scope of the limited discovery currently authorized by the Court and directed toward Plaintiffs' efforts to resist the United States' pending motion for summary judgment. If the Court denies the United States' motion for summary judgment, the parties will prepare for trial and the information requested will be provided in due course at the appropriate time.

**Signed by Attorney of Record as to Objections Only:**

Dated at Burlington, in the District of Vermont, this 21st day of September, 2018.

Respectfully submitted,

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

By:   /s/ *Melissa A. D. Ranaldo*
MELISSA A.D. RANALDO
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Melissa.Ranaldo@usdoj.gov

OF COUNSEL:

AARON FREDRICKSON, ESQ.
Office of General Counsel
United States Department of Agriculture
228 Walnut Street
Harrisburg, PA 17101


**Signed by Defendant as to Responses 1-10:**

Dated at \_\_Alexandria, VA\_\_ this 21st day of September, 2018.

VICKY T. ROBINSON, Chief
Retailer Management and Issuance Branch
Retailer Policy and Management Division
Food and Nutrition Service
United States Department of Agriculture


**Signed by Defendant as to Response 11 Only:**

Dated at \_\_New York, NY\_\_, this 21 day of September, 2018.

ARIF AHMED, Program Specialist
Investigative Analysis Branch
Retailer Operations Division
Food and Nutrition Service
United States Department of Agriculture