EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SOM M. TIMSINA, BHAKTI R. ADHIKARI, and CENTRAL MARKET WINOOSKI, LLC ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) | Civil No. 2:17-cv-00126 |

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSES
TO PLAINTIFFS' AMENDED FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States of America ("Defendant"), by its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, provides the following responses and objections to Plaintiff's Amended First Requests to Produce ("Discovery Requests"), dated August 22, 2018:

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

Defendant asserts the following general objections to the Discovery Requests and the following reservation of rights, which are incorporated by reference in the specific responses that follow below as though the same were set forth in full in each such response:

1.  Defendant objects to the Discovery Requests to the extent that they purport to impose any obligation that is beyond the scope of, or otherwise inconsistent with, the discovery obligations imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Orders in the above-captioned action.

2.  Defendant objects to the Discovery Requests to the extent that they seek information or material protected from disclosure by the attorney-client privilege, work

product doctrine, peer-review privilege, or any other available privilege or protection, including, but not limited to, those protections afforded by the Privacy Act, 5 U.S.C. § 552a, and all applicable regulations promulgated thereunder (including, but not limited to, the United States Department of Health and Human Services ("HHS") regulations set forth in 45 C.F.R. Part 5b).

3. Nothing in these responses and objections shall constitute an admission or concession by Defendant regarding any matter of fact or law, or a waiver by Defendant of any available right, privilege, or objection, which are hereby expressly reserved, including, but not limited to, any and all objections as to the relevance, materiality, or admissibility as evidence for any purpose in these proceedings or any other or future proceedings of any information or material produced by Defendant in response to the Discovery Requests.

4. These responses and objections are based upon the information and material currently and reasonably available to Defendant, and Defendant reserves the right to supplement and/or amend these responses and objections on the basis of additional information and material obtained through ongoing investigation and discovery in connection with this action in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**SPECIFIC RESPONSES AND OBJECTIONS TO**
**DOCUMENT PRODUCTION REQUESTS**

**REQUEST TO PRODUCE NO. 1:** All household data & transactions for any and all persons or participants that are listed in the Attachments to the Charging Letter dated March 22, 2016, or the timeframe listed in the Charging Letter and encompassing the Attachments thereto.

**Response and Objections to Request to Produce No 1:** Subject to the Stipulated Protective Order issued by the Court on July 20, 2018, the United States will produce, for the timeframe listed in the Charging Letter, transactional data for each of the seven households identified on pages AR128 through AR131 of the "ALERT Case Analysis Document" dated March 21, 2016, which is part of the previously-produced administrative file (Bates Nos. 00000001-00000012). Those seven are the only households for which the United States Department of Agriculture pulled full transactional data from state records. ==The documents provided in response to this Request for Production are Confidential Information and provided subject to the Court's Stipulated Protective Order==. The United States otherwise objects to this request as overly broad in scope. *See* Fed. R. Civ. P. 26(b)(1). The potentially violative transactions listed in the Charge Letter dated March 22, 2016, are select transactions from 203 households. The United States Department of Agriculture did not assemble or consider full transaction data for 196 of those households. The request therefore seeks information that the United States did not consider at the agency level, making it irrelevant. The request is also outside of the scope of permissible discovery, as defined by Fed. R. Civ. P. 26, because the information has no bearing on whether trafficking took place between Plaintiff and the seven households identified at AR128 and AR 131. The United States also objects to this request as seeking household data information that is not within its possession, custody or control because FNS only maintains databases containing EBT transaction data.

**REQUEST TO PRODUCE NO. 2:** All transaction data for any store that the Plaintiff's store was compared to for purposes of determining what transactions should be included in the Attachments to the Charging Letter.

**Response to No 2:**  Central Market Winooski was not directly compared to any individual retailer and was instead compared to Vermont state averages.  The Defendant therefore has no documents responsive this request.  Please refer to the Administrative Record.  See A.R. 124-127; 509-511.  On these pages of the Administrative Record, Plaintiffs' store was compared to the averages for the same store type in Vermont regarding average transaction amount, total dollar volume, and the total purchase transaction count.

**REQUEST TO PRODUCE NO. 3:**  Any and all investigative reports pertaining to the Plaintiff and relating to the transactions set forth in the Charging Letter, to include, but not be limited to pictures, affidavits, notes, memoranda and communication.

**Response and Objections to Request to Produce No. 3:**  All documents responsive to this request are contained in the previously produced Administrative Record.

**REQUEST TO PRODUCE NO. 4:**  Any and all internal memoranda, processes, guidelines, guide books, or other such documentation upon which the Defendant's Analysts and Section Chiefs are to rely in evaluating charges of trafficking, sale of ineligible items, and issuance of credit in ALERT data based cases.

**Response and Objections to Request to Produce No. 4:**  The United States objects to this request as overly broad and unduly burdensome regarding "[a]ny and all internal memoranda, processes, guidelines, guide books, or other such documentation upon which the Defendant's Analysts and Section Chiefs are to rely in evaluating charges of trafficking, sale of ineligible items, and issuance of credit in ALERT data based cases" because the requested documents are unrelated to any party's claim or Plaintiffs' burden of proof and are not likely to lead to the discovery of relevant, admissible evidence.  The United States objects to this request as seeking information protected by the law

enforcement privilege because disclosing this information would compromise the ability of the USDA to discover illegal EBT activity and allow retailers to avoid detection. <u>See generally</u> 5 U.S.C. § 552(b)(7)(E) (prohibiting disclosure of guidelines for law enforcement investigations when disclosure could reasonably be expected to risk circumvention of the law). The United States objects to this request seeking documents regarding "sale of ineligible items, and issuance of credit" because it is not related to the material disputes in this action.  Subject to and without waiving the objections, Defendant states that the following policy memos were generally relied upon when making the determination of trafficking in this case.  ==The documents provided in response to this Request for Production are Confidential Information and provided subject to the Court's Stipulated Protective Order.==

1. Policy Memo 96-02, Taking Administrative Action Against Violating EBT Stores Based on Transaction Data (Bates Nos. 00000013-00000015).  Note that the Attachment to this Policy Memo, a six page "sample charge letter" used in another case, has not been provided.  This attachment contains personal information regarding a business and individual not at issue in the present case.

2. Policy Memo 00-02, Charge Letters Issued to Violating EBT Stores Based on ALERT (Anti-Fraud Locator using EBT Retailer Transactions)/EBT (Electronic Benefit Transfer) Transaction Data, Addendum to Policy Memos 96-02 and 98-01 (Bates Nos. 00000016-00000033).

**REQUEST TO PRODUCE NO. 5:**  A copy of the FNS Standard Operating Procedures that pertain to IAB's investigation of this matter.

**Response and Objections to Request to Produce No. 5:**  The United States assumes that Plaintiffs' reference to "IAB" refers to the "Investigative Analysis Branch of the USDA, Food and Nutrition Service."  Defendant objects to this Request to the extent that it seeks information that is not relevant to any party's claim or defense and not

proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Defendant also objects to this Request as vague, overly broad, and unduly burdensome because the requested documents are not likely to lead to the discovery of relevant, admissible evidence. The United States further objects to this Request as seeking information protected by the law enforcement privilege because disclosing this information would compromise the ability of the USDA to discover illegal EBT activity, and more easily allow retailers to avoid detection. *See generally* 5 U.S.C. § 552(b)(7)(E). Subject to and without waiving the objections, Defendant produces the following documents. ==The documents provided in response to this Request for Production are Confidential Information and provided subject to the Court's Stipulated Protective Order.==

a. Compliance 4-1, Identification & Analysis of Potential Program Violators, Origination Date April 2012 (Bates Nos. 00000034-00000047);

b. Compliance 4-2, Complaints and SLEBS, Origination Date April 2012 (Bates Nos. 00000048-00000055);

c. Compliance 4-3, EBT Analysis Case, Origination Date March 2009 (Bates Nos. 00000056-00000082); and

d. Compliance 4-7, Administrative and Judicial Review, Origination Date June 2009 (Bates Nos. 00000083-00000096).

**REQUEST TO PRODUCE NO. 6:** Any and all store evaluations, inspections, investigations, Retailer Investigation Branch reports, ALERT reports, ALERT data, and STARS data for any and all retailers to which the Plaintiff was compared. The data requested in this section includes information from July 2015 – December 2015.

**Response and Objections to Request to Produce No. 6:** The United States objects to this request as overly broad and unduly burdensome regarding "[a]ny and all store evaluations, inspections, investigations, Retailer Investigation Branch reports, ALERT

reports, ALERT data, and STARS data for any and all retailers to which the Plaintiff was compared" because such documents are not related to any party's claim or Plaintiffs' burden of proof and not likely to lead to the discovery of relevant, admissible evidence. The United States objects to this request as seeking information protected by the law enforcement privilege because disclosing this information would compromise the ability of the USDA to discover illegal EBT activity and allow retailers to avoid detection. *See generally* 5 U.S.C. § 552(b)(7)(E) (prohibiting disclosure of guidelines for law enforcement investigations when disclosure could reasonably be expected to risk circumvention of the law).  Further, to the extent that any investigations occurred at the stores in question that are incomplete or are incomplete and were not reported to the store, the disclosure of said reports could impact future investigations at those locations. The United States objects to this request seeking documents regarding ""[a]ny and all store evaluations, inspections, investigations, Retailer Investigation Branch reports, ALERT reports, ALERT data, and STARS data for any and all retailers to which the Plaintiff was compared" because it is not related to the material disputes in this action, which is the alleged trafficking that occurred at Central Market Winooski, LLC.  The United States objects to this request as seeking personally identifiable information and trade secrets that are protected by the privacy rights of non-parties to this action that are covered by this request.  Subject to and without waiving the foregoing objections, the United States states that Central Market Winooski was not directly compared to any individual retailer and was instead compared to Vermont state averages.  The Defendant therefore has no documents responsive this request.

**REQUEST TO PRODUCE NO. 7:**  Any and all prior investigations of the Plaintiff conducted by the Retailer Investigation Branch of the FNS, the Office of Inspector General, or any other investigative agency which the Defendant is in possession of.

**Response and Objections to Request to Produce No. 7:**  The United States objects to this request to the extent it is seeking information protected by the law enforcement privilege because disclosing this information would compromise the ability of the USDA to discover illegal EBT activity and allow retailers to avoid detection. *See* generally 5 U.S.C. § 552(b)(7)(E) (prohibiting disclosure of guidelines for law enforcement investigations when disclosure could reasonably be expected to risk circumvention of the law).  This request is further objectionable because it is not likely to lead to the discovery of relevant, admissible evidence.  Any prior investigation and sanction of Central Market was not considered in determining whether the preponderance of the evidence subsequently gathered established that trafficking occurred.  Subject to and without waiving the foregoing objection, Defendant states that it initiated a prior investigation of the Plaintiff by the Retailer Investigation Branch on December 22, 2014.  The Retailer Operations Division issued an Adverse Action Letter on April 28, 2015, charging the Plaintiff with accepting SNAP benefits in exchange for merchandise, which, in addition to eligible foods, included major non-food items, which warranted a disqualification period of six months.  A hardship Civil Money Penalty was issued in lieu of the 6-month disqualification in the determination letter dated May 13, 2015, for which records show the Plaintiff completed payments on November 3, 2015.

**REQUEST TO PRODUCE NO. 8:**  Any and all documentary evidence upon which the Defendant intends to rely to support its case that the Plaintiff was trafficking in SNAP benefits.

**Response and Objections to Request to Produce No. 8:** The United States has previously produced the administrative record and specific pages of the unredacted administrative record, produced at Plaintiffs' requests pursuant to the Stipulated Protective Order. The United States refers Plaintiff to the previously-produced Administrative Record in response to this document request.

**REQUEST TO PRODUCE NO. 9:** All documents, reports, photographs, data, and other written or digital information which the Defendant intends to utilize at trial.

**Response and Objection to Request to Produce No. 9:** This request is objectionable because it calls for disclosure of trial information before the date set by the Court in this case. The United States objects to this request to the extent that it seeks information protected by attorney work product doctrine. Subject to and without waiving the foregoing objections, the United States has previously produced the redacted administrative record and specific pages of the unredacted administrative record, which includes information the United States will rely on should this matter go to trial.

**REQUEST TO PRODUCE NO. 10:** All curriculum vitae of any expert that the Defendant intends to list as a witness at trial.

**Response and Objections to Request to Produce No. 10:** The Defendant has not designated an expert in this case and, therefore, does not possess any responsive documents.

Dated at Burlington, in the District of Vermont, this 21st day of September, 2018.

                                              Respectfully submitted,

                                              UNITED STATES OF AMERICA

                                              CHRISTINA E. NOLAN
                                              United States Attorney

By:    /s/ *Melissa A. D. Ranaldo*
                                              MELISSA A.D. RANALDO
                                              Assistant U.S. Attorney
                                              P.O. Box 570
                                              Burlington, VT 05402-0570
                                              (802) 951-6725
                                              Melissa.Ranaldo@usdoj.gov

OF COUNSEL:

AARON FREDRICKSON, ESQ.
Office of Agency Counsel
United States Department of Agriculture
226 Walnut Street
Harrisburg, PA  17101